```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------X
```

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 8/26/2024

UNITED STATES OF AMERICA

                -against-

Jeremias Jimenez Cruz,

                        Defendant.

```
-------------------------------------------------------X
```

19-CR-326 (KMW)

**OPINION & ORDER**

KIMBA M. WOOD, United States District Judge:

Defendant Jeremias Jimenez Cruz, proceeding *pro se*, has moved for compassionate release and a reduction in his sentence pursuant to 18 U.S.C. §§ 3582(c)(1)(A) and 3582(c)(2). (Def.'s Mot., ECF No. 85.) The Government opposes Cruz's motion. (Gov't Opp'n, ECF No. 88.) For the reasons set forth below, Cruz's motion is DENIED in its entirety.

## BACKGROUND

On September 6, 2019, Cruz was arrested following a Drug Enforcement Administration investigation into a drug trafficking and money laundering organization ("DTO"), in which Cruz was considered an organizer or leader. (Presentence Investigation Report ("PSR") ¶¶ 11, 13–20, ECF No. 52.) Cruz was held responsible for conspiring to import at least 50 kilograms, but less than 150 kilograms, of cocaine. (*Id.* ¶ 20.) As a former Consul for the Dominican Republic to Jamaica, Cruz abused a position of public or private trust by using his contacts and resources to help traffic large amounts of narcotics and drug money. (*Id.*)

On November 12, 2021, Cruz pleaded guilty to conspiring to import cocaine into the United States and conspiring to manufacture and distribute cocaine, knowing it would be

imported to the United States, in violation of 21 U.S.C. §§ 952(a), 959(a) and (d), 960(2), 960(b)(1)(B)(ii), and 963. (J. at 1, ECF No. 59; Gov't Opp'n at 3.) On March 16, 2022, the Court sentenced Cruz to 179 months' imprisonment. (J. at 2, ECF No. 59; Gov't Opp'n at 4.)

Cruz is currently incarcerated at FCI Loretto in Pennsylvania, and his projected release date is July 06, 2031. *See Find an Inmate*, Fed. Bureau of Prisons, https://www.bop.gov/inmateloc// (last visited August 20, 2024.)

## LEGAL STANDARD

### I. Section 3582(c)(1)(A)

Pursuant to Section 3582(c)(1)(A), a court may reduce a defendant's sentence if the court finds that "extraordinary and compelling reasons warrant such a reduction." 18 U.S.C. § 3582(c)(1)(A). Three requirements must be met before a court can grant such relief. First, a defendant must "fully exhaust[]" all administrative remedies with the Bureau of Prisons ("BOP"). *Id.* Second, a defendant must show that "extraordinary and compelling reasons warrant such a reduction."[1] *Id.* Third, the Section 3553(a) sentencing factors must support early release. *Id.*

### II. Section 3582(c)(2)

Pursuant to Section 3582(c)(2), a court may reduce a defendant's term of imprisonment "in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission . . . after considering the [Section 3553(a) factors,] if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(2). A court may not

---

[1] The Court's analysis as to whether a defendant has demonstrated extraordinary and compelling reasons is now controlled by the amended version of U.S.S.G. § 1B1.13, effective November 1, 2023.

reduce a defendant's term of imprisonment pursuant to 18 U.S.C. § 3582(c)(2) "to a term that is less than the minimum of the amended guideline range." U.S.S.G. § 1B.10(b)(2)(A) & cmt. n.3.

Effective November 1, 2023, in its Amendment 821, the Sentencing Commission amended the United States Sentencing Guidelines Manual. Part A amends Guidelines § 4A1.1, by reducing from two (2) points to one (1) point the upward adjustment for offenders who committed the instant offense while under any criminal sentence, and by limiting this adjustment to defendants who received seven (7) or more criminal history points ("Status Points" Amendment"). Part B amends Guidelines § 4C1.1, by providing a 2-level offense level reduction for offenders with zero (0) criminal history points who meet specified eligibility criteria ("Zero-Point Offender Amendment").

## DISCUSSION

### I. Motion Pursuant to Section 3582(c)(1)(A)

#### A. Cruz's Motion is Properly Before the Court

A defendant may move for compassionate release only after he has "fully exhausted all administrative rights to appeal a failure of the [BOP] to bring a motion on [his] behalf or the lapse of 30 days from the receipt of such a request by the warden of [his] facility, whichever is earlier[.]" 18 U.S.C. § 3582(c)(1)(A). Because 30 days have passed since Defendant filed his motion for compassionate release with the Warden of FCI-Loretto, Cruz's motion for compassionate release is properly in front of the Court. (Def.'s Mot. at 3.)

#### B. Cruz Has Not Demonstrated "Extraordinary and Compelling" Reasons for Compassionate Release

Cruz contends that extraordinary and compelling reasons exist principally because (1) the ongoing outbreak of COVID-19 at FCI-Loretto places him at an increased risk of medical complications; and (2) he has endured harsh conditions of confinement due both to COVID-19

and the cruel and unusual conditions he experienced at the Metropolitan Correctional Center, New York ("MCC") and the Metropolitan Detention Center, Brooklyn ("MDC") (*Id.* at 4–5.)

First, Cruz's claim that COVID-19 places him at a heightened risk of illness does not provide a basis for his early release. As an initial matter, COVID-19 is no longer considered a federal ongoing public health emergency. *See COVID-19 Public Health Emergency, U.S. Dep't Health & Human Servs*. (Dec. 15, 2023), https://www.hhs.gov/coronavirus/covid-19-public-health-emergency/index.html. Cruz is also not at imminent risk of contracting COVID-19, because only three inmates at FCI Loretto currently have COVID-19. *See Inmate COVID-19 Data*, Fed. Bureau of Prisons, https://www.bop.gov/about/statistics/statistics_inmate_covid19.jsp (last visited August 20, 2024). Even if Cruz were to contract COVID-19, he has received a vaccine against it, and the threat posed to him by COVID-19 is not extraordinary and compelling. *United States v. Rivera,* 2024 WL 706961, at *3 (S.D.N.Y. Feb. 21, 2024) (Wood, J.); *see also United States v. Jones*, No. 17-CR-214, 2021 WL 4120622, at *2 (S.D.N.Y. Sept. 9, 2021) (McMahon, J.) ("[T]he risk of COVID-19 for a vaccinated individual is substantially reduced to the point that a defendant will typically not be able to demonstrate extraordinary and compelling reasons after he has been vaccinated.").

Second, the challenging prison conditions that Cruz states he has experienced do not constitute extraordinary and compelling circumstances. Although the Court notes that the COVID-19 pandemic created harsher conditions than what could have been foreseen, these conditions do not provide a basis for Cruz's early release. *See United States v. Gonzalez-Casillas*, No. 7-CR-527, 2022 WL 446011, at *4 (S.D.N.Y. Feb. 11, 2022) (Engelmayer, J.) (finding that despite "the harsh impact of the pandemic on federal prisoners," extraordinary and compelling reasons did not exist where defendant "has not shown himself significantly more

4

vulnerable to the risks of COVID-19 than the average inmate incarcerated at [FCI-Loretto]"). In addition, the Court already considered and reduced Cruz's sentence based on the harsh conditions he experienced at the MDC.[2] (Sent'g Tr. at 19:20–25, ECF No. 60; Gov't Opp'n at 4.)

The Court has also considered the arguments Cruz raises in his reply brief and finds that they do not amount to extraordinary and compelling reasons for reducing his sentence. (*See* Def.'s Reply, ECF No. 89.) Construed liberally, Cruz argues that the totality of the circumstances warrant a sentence reduction because (1) if he were sentenced today he would not be subject to a higher sentence; (2) he presents a minimal risk of committing another offense; and (3) his post-sentence rehabilitation establishes an extraordinary and compelling reason for release.[3] (*Id.* at 5–8, 10–11.) With respect to Cruz's post-sentence rehabilitation, 28 U.S.C. § 994(t) states that "[r]ehabilitation of the defendant alone shall not be considered an extraordinary and compelling reason." 28 U.S.C. § 994(t); *see also* U.S.S.G. § 1B1.13(d). The Court commends Cruz for his participation in programming during his term of incarceration, but his participation is not extraordinary and compelling on its own, and is not extraordinary and compelling in combination with his other arguments for release. *See e.g.*, *United States v.*

---

[2] Cruz's sentence was reduced by an extra day for every day he spent in the MDC "because of the terrible conditions that currently exist in our prisons." (Sent'g Tr. at 20:3–9.) Cruz's sentence was reduced accordingly from 210 to 179 months' incarceration. (*Id.*)

[3] Cruz's conclusory arguments in his reply brief are not supported by any evidence, and they do not establish extraordinary and compelling circumstances. (Def.'s Reply at 5–6.) *See United States v. Gomez*, No. 21-2429, 2022 WL 7772745, at *2 (2d Cir. Oct. 14, 2022) (summary order) (finding that the district court did not err in failing to consider defendant's conclusory arguments regarding the need to avoid unwarranted sentencing disparities). Still, the Court has considered each of Cruz's arguments and finds them without merit. Cruz's sentence of 179 months is below the amended Sentencing Guidelines Range of 210 to 262 months' imprisonment for his offense (Suppl. Presentence Investigation Report ("Suppl. PSR") ¶ 6, ECF No. 86), and he provides no evidence that his below-Guidelines sentence presents a gross disparity, or would be lower today. To the extent that Cruz is arguing that there is a need to avoid unwarranted sentencing disparities pursuant to 18 U.S.C. § 3553(a), the 3553(a) factors counsel against a reduced sentence for reasons stated *infra*.

*Corbett*, No. 10-CR-184, 2023 WL 8073638, at *7 (Engelmayer, J.) (holding that participation in rehabilitative programming is expected of inmates and does not constitute an extraordinary and compelling circumstance) (collecting cases).

### C. The Section 3553(a) Factors Weigh Against Release

Even if Cruz could demonstrate that an extraordinary and compelling reason for a sentence reduction exists, his motion would fail because the Section 3553(a) factors do not support his early release. As the Court stated at sentencing, Cruz's offense "is extraordinarily serious" and "[n]arcotics dealing is a scourge on this entire nation." (Sent'g Tr. at 18:17–18.) In addition, the Court noted that Cruz had a good education and the ability to find employment at lawful jobs. (*Id.* at 19:1–2.) It was thus not necessary for him to work for the DTO to support his family; "his motive was simply to get more money. His motive was greed." (*Id.* at 19:3–9.) The Court maintains its view that Cruz's sentence is necessary to "provide adequate deterrence to criminal conduct [, to] reflect the seriousness of the offense, [and to] promote respect for the law." (*Id.* at 19:13–18.)

The Court finds that the Section 3553(a) factors weigh against Cruz's release.

## II.   Motion Pursuant to 3582(c)(2)

On February 16, 2024, the United States Probation Department ("Probation") issued a report stating that Cruz failed to meet the eligibility criteria required for a sentencing reduction under both the Status Points Amendment and the Zero-Point Offender Amendment.[4] (Suppl.

---

[4] As is relevant here, Cruz is not eligible for an adjustment pursuant to Amendment 821 Part A because he did not receive an enhancement for committing the instant offense while under a criminal sentence. (Suppl. PSR at 2.) Cruz is also ineligible for a reduction pursuant to Amendment 821 Part B because even though Cruz is an offender with zero criminal history points, Probation determined that he originally received a Section 3B1.1 adjustment for his role in the instant offense. (*Id*. at 2–3.) Thus, he does not meet all of the necessary criteria for receiving a downward adjustment pursuant to Amendment 821 Part B. (*Id.*)

PSR at 3.) The Court adopts Probation's calculation as to Cruz's amended Guideline range and finds that Cruz is ineligible for a reduction in his sentence pursuant to Amendment 821.

## CONCLUSION

For the foregoing reasons, Cruz's motion for compassionate release and a reduction in his sentence pursuant to §§ 3582(c)(1)(A) and 3582(c)(2) are DENIED. The Clerk is respectfully requested to close the pending motion at ECF No. 85.

SO ORDERED.

Dated: New York, New York
August 26, 2024

*/s/ Kimba M. Wood*
KIMBA M. WOOD
United States District Judge